IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN THOMAS FIEDLER, JR., HR-1296,  )
    Petitioner,                          )
                                         )
    v.                                   ) 2:09-cv-821
                                         )
MICHAEL W. HARLOW, et al.,           )
    Respondents.                         )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Brian Thomas Fiedler, Jr., and inmate at ths State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Because the petitioner has not exhausted the available state court remedies his petition here will be dismissed, without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

In his petition, Fiedler contends that he has not been convicted of any crimes yet he was housed in the Mercer County Jail from November 1, 2007 through July 21, 2008 at which time he was transferred to State Correctional Institution Forrest and on August 8, 2008 transferred to the State Correctional Institution at Mercer.[1]

From a review of the Mercer County Docket Sheet, CP-43-CR-2068-2007, it appears that on December 28, 2007, a long list of criminal charges were filed against the petitioner. These were repeatedly scheduled for trial and postponed at petitioner's request for amongst other

---

[1] See: Petition at ¶ 6.

reasons, consolidation with other charges pending against the petitioner and change of counsel. However, on June 12, 2009, Fiedler was granted leave to file a habeas corpus in the Court of Common Pleas on or before June 26, 2009 or be deemed to have waived his rights to do so.[2] According to the docket sheet no such petition was filed.[3] Fiedler now comes before this Court and seeks "Immediate release from prison and to be compensated for unlawful imprisonment."[4]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine

---

[2] See: Exhibits attached to the petition. Additionally, appended to the petition is a statement from Fiedler that the prosecutor threatened to withdraw his consent to a plea bargain if the petitioner elected to proceed with his habeas corpus petition.

[3] See: Docket No. CP-43-CR-2068-2007.

[4] See: Petition at p.15.

whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it appears that while Fiedler has sought to challenge his pretrial detention, he has failed to pursue that relief in the Court of Common Pleas and has not attempted to seek any relief in the appellate courts of the Commonwealth. For this reason, he has failed to exhaust the available state court remedies and his petition here is premature.[5]

Accordingly, the petition of Brian Thomas Fiedler, Jr. for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[5] We also note that since the petitioner is also seeking compensation, such a matter is more appropriately addressed in a civil rights petition. However, the latter would be subject to dismissal at this time. Heck v. Humphrey, 512 U.S. 477 (1994).

ORDER

AND NOW, this 27th day of July, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Brian Thomas Fiedler, Jr. for a writ of habeas corpus is dismissed without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

The petitioner is put on notice of this disposition and as mandated by <u>United States v. Randolph</u>, 409 F.3d 155 (3d Cir.2005), is further ordered that on or before August 14, 2009, the petitioner show cause, if any, why judgment should not be entered accordingly.

                                                        s/ Robert C. Mitchell
                                                        United States Magistrate Judge